UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Malikah Thompson,** | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) FLSA Collective Action |
| | ) |
| **Shooter Alley, Inc. a Georgia** | ) Jury Trial Demanded |
| **Corporation,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Malikah Thompson by and through her undersigned counsel, and files this Compliant against Defendant Shooter Alley, Inc. (hereinafter "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 206 and 207 to remedy alleged violations of its minimum wage and the overtime provisions.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b).

3. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within this District.

**PARTIES**

4. Plaintiff is a citizen of the United States residing in Georgia. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA.

5. Defendant Shooter Alley is a corporation formed under the laws of the State of Georgia, conducts business in this District, and can be served through its registered agent, Edward Gilgor, 4213 Fellowship Road, Suite C, Atlanta, GA.

6. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

**FACTUAL ALLEGATIONS**

7. Plaintiff worked over forty hours in some weeks she worked for Defendant.

8. Defendant has never paid Plaintiff any amount as wages. Instead, Plaintiff's source of work related income is gratuities she received from Shooter Alley's customers.

9. Because Defendant did not pay Plaintiff any wages, Defendant did not pay Plaintiff one-and-a-half times her regular rate of pay when Plaintiff worked over forty hours in a given workweek.

10. Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff at least the federal minimum wage and overtime at the required rates under the Fair Labor Standards Act.

## COUNT I – MINIMUM WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

11. The above paragraphs are incorporated by reference as if fully set forth herein.

12. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff was entitled to be compensated at a rate of at least $7.25 per hour.

13. Defendant, pursuant to their policies and practices, failed to pay a minimum wage to Plaintiff.

14. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

15. Plaintiff seeks damages in the amount of her respective unpaid minimum wage, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and attorney's fees and expenses.

## COUNT II – OVERTIME WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

16. The above paragraphs are incorporated by reference as if fully set forth herein.

17. Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiff was entitled to be compensated at one-and-a-half times her regular rate of compensation for all hours worked over forty hours in any given workweek.

18. Defendant did not pay one-and-a-half times Plaintiff's regular rate for hours worked in excess of forty hours per week because Defendant paid no wages at all.

19. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

20. Plaintiff seeks damages in the amount of her respective unpaid overtime wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and attorney's fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Judgment against Defendant for Plaintiff's unpaid back wages, overtime wages, and fines/fees paid;

b. An equal amount to Plaintiff's damages as liquidated damages;

c. Judgment against Defendant that their violations of the FLSA were willful;

d. An award of prejudgment interest; and

e. All costs and attorneys' fees incurred in prosecuting these claims.

Respectfully submitted this 1st day of August, 2014.

MARTIN & MARTIN, LLP

By: /s/ _____
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410

**MARTIN & MARTIN, LLP**
Post Office Box 1070
Tucker, Georgia 30085-10170
Telephone 404.313.5538 (KNMartin)
Telephone 770-344-7267 (TFMartin)
Fax 770.827.2678